**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAPA EXTRUSIONS, INC.** *f/k/a Alcoa Extrusions, Inc.* : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2827** |
| : | |
| **v** : | |
| : | **(JUDGE MANNION)** |
| **LIBERTY MUTUAL INSURANCE COMPANY,** *et al.* : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the court is the defendant Gerling Konzern Allgemeine Versicherungs-AG, a/k/a Gerling-Konzern General Insurance Company's Motion to Seal Selected Documents in Connection With Its Motion for Summary Judgment. (Doc. 153). According to the reasons set forth below, the Motion is **HEREBY DENIED.**

Specifically, the defendant Gerling Konzern Allgemeine Versicherungs-AG, a/k/a Gerling-Konzern General Insurance Company ("Gerling") requests that, "pursuant to the Confidentiality Order entered by this Court on January 11, 2016 in the above-referenced matter, the Court issue an order allowing the filing under seal of an unredacted Brief in Support of its Motion for Summary Judgment, an unredacted Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment, the Declaration of Shane R. Heskin in Support of its Motion for Summary Judgment and Exhibits 1-46 attached thereto." (Doc. 153, p. 1). The Confidentiality Order referenced, (Doc. 142), was filed on January 11, 2016,

and it required that the parties file under seal the following documents:

(1) Any and all documents evidencing the amount of settlement in the action captioned as <u>Marvin Lumber & Cedar Co. & Marvin Windows of Tennessee, Inc. v. Sapa Extrusions, Inc.</u>, D. Minn., No. 10-cv-3881 (RHK/LIB);
(2) The settlement agreement from the Underlying Action; and
(3) Documents marked "Confidential" pursuant to the First Amended Stipulated Confidentiality Agreement and Protective Order dated November 10, 2011 in the matter of <u>Marvin Lumber & Cedar Co. & Marvin Windows of Tennessee, Inc. v. Sapa Extrusions, Inc.</u>, D. Minn., No. 10-cv-3881 (RHK/LIB).

(Doc. 142, pp. 1-2). The court must now determine whether the documents that Gerling seeks to file under seal in the instant motion fall within the three categories set forth in the Confidentiality Order. After reviewing the Brief in Support of Gerling's Motion for Summary Judgment as well as the Statement of Uncontested Material Facts in Support of the Motion for Summary Judgment, the court finds that many of the redactions relate to and evidence the amount of the settlement in the underlying action (*Marvin Lumber & Cedar Co. v. Sapa Extrusions, Inc.*). However, several redacted phrases and statements relate to documents from the underlying settlement that do not fall under categories one or two, but may or may not fall under category three. If the language relates to or is derived from documents that were marked "Confidential" in the underlying action, then the quotes and language may fall under category three to be filed under seal. Gerling does not describe whether the language comes from "Confidential" documents, and further does not identify how the redacted language falls within any of the abovementioned three categories. Therefore, without any briefing or explanation for these

2

redactions, the court cannot determine whether these segments comport with the Confidentiality Order.

In addition, Gerling requests that the court file under seal the Declaration of Shane R. Heskin and the 46 Exhibits attached to the declaration. Shane R. Heskin's declaration lists and briefly describes the contents of Exhibits 1-46. It does not provide any evidence of settlement amounts in the underlying action, nor does it not include the underlying settlement agreement or its terms. In the declaration, Shane R. Heskin identifies and describes numerous documents from the underlying litigation as well as those acquired through discovery of the instant matter. However, nowhere in the declaration does he state whether the documents are those marked "Confidential" pursuant to the First Amended Stipulated Confidentiality Agreement and Protective Order dated November 10, 2011 in the matter of *Marvin Lumber & Cedar Co. & Marvin Windows of Tennessee, Inc. v. Sapa Extrusions, Inc.* Again, like the brief and statement of material facts, Gerling has failed to demonstrate whether these documents or what portions of these documents comport with any of the three categories from this court's Confidentiality Order.

At this point, Gerling appears to request that the court seal *everything* when only *a portion* of the information or documents *may* fall within the categories outlined in this court's previous Confidentiality Order. As the parties to this action are well aware, the court made it perfectly clear that it will not conduct general sealing. The federal courts are not secret courts. Despite

3

the fact that both sides concur in Gerling's motion, the court will not entertain an attempt to seal hundreds of pages of documents and exhibits that have not been identified as comporting with the January 11, 2016 Confidentiality Order. Therefore, the court will deny Gerling's summary request to seal all of these documents.

The court will deny Gerling's request to seal "an unredacted Brief in Support of its Motion for Summary Judgment, an unredacted Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment, the Declaration of Shane R. Heskin in Support of its Motion for Summary Judgment and Exhibits 1-46 attached thereto," (Doc. 153, p. 1), because this summary request fails to demonstrate that it is warranted under this court's previous ruling. Gerling will be advised to resubmit its motion to seal with identification of which documents warrant sealing and on what grounds. Gerling must, in its new motion to seal, identify **only those documents and portions of documents** that clearly and justifiably fall within the Confidentiality Order. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 7, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2827-02.wpd

4