# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAPA EXTRUSIONS, INC.** : | |
| : | **CIVIL ACTION NO. 3:13-2827** |
| **Plaintiff** : | |
| : | **(JUDGE MANNION)** |
| **v.** : | |
| : | |
| **LIBERTY MUTUAL INSURANCE** : | |
| **COMPANY,** *et al.* : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court are two motions filed by defendant Gerling Konzern Allegemeine Versicherungs-AG ("Gerling"), a motion for leave to file a consolidated brief on common issues of law, (Doc. 261), and a motion for sanctions, (Doc. 262). Because the court finds no basis for suspending the Local Rules of Court for the Middle District of Pennsylvania to allow a consolidated brief addressing unrelated motions, Gerling's motion for leave to file a consolidated brief will be **DENIED**. (Doc. 261). Because the court finds no exceptional circumstances warranting the imposition of sanctions, Gerling's motion for sanctions will be **DENIED**. (Doc. 262).

## I. BACKGROUND

The plaintiff, Sapa Extrusions, Inc. ("Sapa"), initiated the instant action on November 19, 2013 against nine separate insurance companies (collectively, the "Defendant Insurers") to recover its costs spent litigating and ultimately settling an underlying dispute with Marvin Lumber & Cedar Company and Marvin Windows of Tennessee, Inc. (collectively, "Marvin"). (Doc. 1). Highly contentious insurance coverage litigation has ensued.

On September 9, 2016, one of the Defendant Insurers, Gerling-Konzern Allgemeine Versicherungs-AG ("Gerling"), filed the instant motions. (Doc. 261; Doc. 262). Gerling's first motion requests permission to jointly brief both its opposition to Sapa's motion for partial summary judgment and its newly-filed motion for sanctions. (Doc. 261). Gerling's second motion requests that the court impose sanctions on Sapa pursuant to Fed. R. Civ. P. 11. (Doc. 262).

## II. DISCUSSION

### A. Motion for Leave to File Consolidated Brief

Gerling's primary argument in support of its motion to jointly brief two different motions is that the Local Rules of Court for the Middle District of Pennsylvania ("Local Rules") permit the court "to suspend these Rules in

individual cases by written order." Local Rule 1.3. Gerling's proposed basis for suspending the Local Rules rests on its assertion that its two pending motions address overlapping issues of law and fact. (Doc. 261). Sapa responds by contending that the proposed consolidated brief is inappropriate in these circumstances and violates the Local Rules. (Doc. 293). The court here agrees with Sapa.

Under Local Rule 7.8(a), "[a] brief may address only one motion," and "[n]o brief may incorporate by reference all or any portion of any other brief." Gerling's motion seeks leave to file a consolidated brief that is both supporting its own motion for sanctions under Fed. R. Civ. P. 11 and opposing Sapa's motion for partial summary judgment under Fed. R. Civ. P. 56. (Doc. 261). The parties to a case and their attorneys may face sanctions for making representations to the court that are "presented for any improper purpose;" not "warranted by existing law or . . . a nonfrivolous argument for extending, modifying, or reversing existing law;" or without "evidentiary support . . . after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). On the other hand, "[t]he court shall grant summary judgment if . . . there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The applicable legal standards here diverge widely, so the resulting legal analyses would be substantially dissimilar. Gerling's assertion that its proposed consolidated brief would address "common issues" of law is thus unsupported. The mere fact that Gerling would rely on similar or overlapping facts in both motions is not in itself a sound basis for suspending the Local Rules, especially during this late stage of the litigation. A determination of whether the evidence and applicable substantive law in this case entitle Sapa to judgment as a matter of law is a related but still wholly distinct legal exercise from a determination of whether Sapa or its attorneys should be subjected to court-imposed sanctions for improper actions. Intertwining these two issues would not help simplify or clarify them; it would amount to additional confusion.

The court sees no advantageous basis here for suspending the Local Rules that would facilitate the Local Rules' purpose of generating expediency and efficiency in the litigation process. Granting a consolidated brief at this late phase of the litigation merely risks further confusing the issues.

**B. Motion for Sanctions**

In its motion for sanctions, Gerling argues that Sapa failed to conduct a reasonable investigation into the facts and law, asserted factually frivolous

claims against Gerling, and knowingly made false factual representations to this court. (Doc. 262). "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

The Third Circuit has noted that "[f]ormulating a rule broad enough to curb abusive litigation tactics and misuse of the court's process but yet not so sweeping as to hinder zealous advocacy was obviously a formidable task." *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987). The Third Circuit found that Fed. R. Civ. P. 11 imposes an obligation on attorneys to "Stop, Think, Investigate, and Research" before filing documents "to initiate a

suit or to conduct the litigation." *Id.* The Third Circuit cautioned, however, that Fed. R. Civ. P. 11 "is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation." *Id.* at 483 (citing *Morristown Daily Record, Inc. v. Graphic Commc'ns Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987)). Fed. R. Civ. P. 11 "is intended for only exceptional circumstances." *Id.*

The circumstances present in this case are not exceptional, and sanctions are thus inappropriate. At the outset, neither party has adequately briefed the issue, and to the extent that briefing has been accomplished, Gerling's arguments are insufficient. The Local Rules require "the party filing the motion" to "file a brief in support of the motion" no more than "fourteen . . . days after the filing" of the motion itself. Local Rule 7.5. "If a supporting brief is not filed within the time provided in this Rule," then "the motion shall be deemed to be withdrawn." *Id.* Rather than filing a brief in support of its motion, Gerling instead asserted some cursory arguments in favor of imposing sanctions directly in its motion, and it further listed arguments in favor of imposing sanctions in its briefing on its prior motion for a consolidated brief, which was addressed above. (Doc. 294). Established practice in the Middle District of Pennsylvania, however, requires each party's substantive legal arguments to be filed separately in a brief in support of the party's motion. *See*

Local Rule 7.5. Since Gerling failed to properly brief its motion for sanctions, Sapa similarly neglected to file any brief opposing the motion. "Any party opposing any motion . . . shall file a brief in opposition within fourteen . . . days after service of the movant's brief." Local Rule 7.6. "Any party who fails to comply with this Rule shall be deemed not to oppose such motion." *Id.*

Even if the court were to overlook these glaring procedural defects, an inquiry into the merits of Gerling's arguments compels the same result. Gerling here does little more than assert in a conclusory fashion that Sapa made "frivolous or knowingly false representations" to this court. (Doc. 262). Gerling notes further that Sapa acted "curiously" when it amended its complaint and "unreasonably" when it refused to drop Gerling from the instant dispute. (*Id.*). Gerling essentially recounts Sapa's arguments from its summary judgment briefs and tacks on the added contention that said arguments were "frivolous." (*Id.*). These allegations are largely without evidentiary support, and the court finds that Sapa acted in the spirit of zealous advocacy, as opposed to "abusive litigation tactics." *Gaiardo*, 835 F.2d at 482. The lack of substance upon which to grant this motion certainly does not rise to the level of "exceptional circumstances" contemplated by the Third Circuit. *Gaiardo*, 835 F.2d at 482. The court thus finds that sanctions against Sapa are not justified.

## III. CONCLUSION

In light of the foregoing, Gerling's pending motion for leave to file a consolidated brief on common issues of law, (Doc. 261), will be **DENIED**. Gerling's pending motion for sanctions, (Doc. 262), will be **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 1, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2827-05.docx